

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00306-CV
_____

JAMES RICHARDS, APPELLANT

V.

MARSHA MCLANE, EXECUTIVE DIRECTOR, TEXAS CIVIL COMMITMENT OFFICE, IN HER OFFICIAL CAPACITY, STEWART JENKINS, DIRECTOR OF PROGRAMS, TEXAS CIVIL COMMITMENT OFFICE, IN HIS OFFICIAL CAPACITY, MICHAEL SEARCY, OPERATIONS SPECIALIST TEXAS CIVIL COMMITMENT OFFICE, IN HIS OFFICIAL CAPACITY, AND KARA GOUGLER, CIVIL COMMITMENT MANAGER TEXAS CIVIL COMMITMENT OFFICE IN HER OFFICIAL CAPACITY, APPELLEES

On Appeal from the 459th District Court
Travis County, Texas
Trial Court No. D-1-GN-19-002353, Honorable Tim Sulak, Presiding

July 6, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

James Richards appeals from an order granting a plea to the trial court's jurisdiction and dismissing his suit against Marsha McLane, Executive Director, Texas Civil Commitment Office, in her official capacity, Stewart Jenkins, Director of Programs, Texas Civil Commitment Office, in his official capacity, Michael Searcy, Operations Specialist, Texas Civil Commitment Office, in his official capacity, and Kara Gougler, Civil

Commitment Manager, Texas Civil Commitment Office, in her official capacity (collectively referred to as McLane). Richards sued those individuals in the 459th Judicial District Court, Travis County and sought to void orders and actions resulting in his in-patient commitment in the Lamb County Texas Civil Commitment Center (Lamb County Center) as a sexually violent predator. His complaint also concerned the purported failure of McLane to assist him renewing his driver's license or identification card.[1] We affirm.[2]

Whether a trial court has subject-matter jurisdiction over a suit is a question of law. *Tex. Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Cupit v. Tex. Civil Commitment Office*, No. 07-18-00228-CV, 2018 Tex. App. LEXIS 9384, at *2–3 (Tex. App.—Amarillo Nov. 16, 2018, no pet.) (mem. op.). Consequently, we review this ruling under the *de novo* standard of review. *Miranda*, 133 S.W.3d at 226.

In assessing whether jurisdiction actually exists, we consider the plaintiff's pleadings, the factual allegations therein, and any evidence pertinent to the question which the parties may file. *Cupit*, 2018 Tex. App. LEXIS 9384, at *3. We also note that the plaintiff has the burden to allege facts which affirmatively show the existence of subject-matter jurisdiction. *Id.*

The true nature of Richards's claims depends upon the substance of his pleading, as opposed to the label appended to them. *Id.* at *4. In reasonably and liberally reading his live pleading, we see that he actually challenged the legitimacy of his confinement for

---

[1] His live pleading did not describe the relief sought for this purported violation. We assume he would want an order directing McLane to assist him in obtaining the documents.

[2] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. See TEX. R. APP. P. 41.3.

inpatient services in the Lamb County Center as a sexually violent predator and sought the return to outpatient treatment in Houston, Texas.

Section 841.082 of the Texas Health and Safety Code provides that the court civilly committing someone as a sexually violent predator "retains jurisdiction of the case with respect to a proceeding conducted under . . . subchapter [E of the statute], . . . or to a civil commitment proceeding conducted under Subchapters F and G." TEX. HEALTH & SAFETY CODE ANN. § 841.082(d) (West Supp. 2020). Encompassed within this provision is effort by the committed person to secure less restrictive housing and supervision. *Cupit*, 2018 Tex. App. LEXIS 9384, at *3–4. Section 841.082(e) of the same Code also states that the requirements imposed on one civilly committed may be modified by the ***committing court*** at any time after notice to each affected party to the proceedings and a hearing. *Id.* § 841.082(d), (e); *accord Black v. McLane,* No. 07-19-00241-CV, 2021 Tex. App. LEXIS 2195, at *6 (Tex. App.—Amarillo Mar. 23, 2012, no pet.) (per curiam) (mem. op.). The latter provision further indicates an intent for the committing court to retain jurisdiction and control over the proceeding.

As mentioned earlier, Richards sought to obtain less restrictive housing and supervision through the suit filed in the 459th District Court of Travis County. Yet, the court initially committing him as a sexually violent predator was one other than the 459th.[3] So, the 459th District Court lacked jurisdiction over the suit through which he attempted to alter his treatment program and its locale.

---

[3] The parties dispute whether the 221st District Court of Montgomery County or the 435th District Court of the same county was the original committing court. We need not answer that because the 459th is neither of them.

As for Richards's complaints regarding a driver's license or identity card, they involve McLane's purported violation of § 841.153(a) of the Health and Safety Code. That provision states:

> On the release of a committed person from a correctional facility, secure correctional facility, or secure detention facility, as those terms are defined by Section 841.151, the office shall:
>
> (1) determine whether the person has:
>
> (A) a valid license issued under Chapter 521 or 522, Transportation Code; or
>
> (B) a valid personal identification certificate issued under Chapter 521, Transportation Code; and
>
> (2) if the person does not have a valid license or certificate described by Subdivision (1), submit to the Department of Public Safety on behalf of the person a request for the issuance of a personal identification certificate under Chapter 521, Transportation Code.

TEX. HEALTH & SAFETY CODE ANN. § 841.153 (West Supp. 2020). As can be seen from that statute, any alleged obligation to act arises "[o]n the release of a committed person." Richards's live pleading illustrated that he was not a committed person who had been released. Nor did it illustrate that his release was impending or imminent. Thus, his claim was not ripe for adjudication and, consequently, outside the trial court's subject-matter jurisdiction. *See SW. Elec. Power Co. v. Lynch,* 595 S.W.3d 678, 683 (Tex. 2020) (stating that for a court to have subject-matter jurisdiction over a dispute, plaintiff's claim must be ripe, and a claim is not ripe if based on hypothetical facts, or upon events which have not yet come to pass).

We affirm the trial court's dismissal of Richards's suit.


Per Curiam